**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIC WALTERS,**

               **Plaintiff,**

**v.**                                 **Case No.**

**CAREFREE BOAT CLUB OF TAMPA BAY,**
**INC., a Florida corporation; and MARTIN**
**A. MELTON,**

               **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC WALTERS, hereby sues Defendants, CAREFREE BOAT CLUB OF

TAMPA BAY, INC., a Florida corporation; and MARTIN A. MELTON, and allege:

## NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendants' failure to compensate

Plaintiff for minimum wage and/or overtime work.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §

1331.

3.    Defendants' unlawful conduct under the FLSA was committed within the

jurisdiction of the Tampa Division of the United States District Court for the Middle District

of Florida.

4.      Defendants conduct business in the Middle District of Florida as a provider of recreational boats to members on a monthly fee basis.

5.      Defendants are engaged directly in interstate commerce and constitute an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year.

6.      Defendant MELTON is the owner of his co-defendant and, as an employer under the FLSA, made all decisions on Plaintiffs' employment, hours of work, and compensation for work.

7.      Plaintiff commenced employment as an attendant who provided customer service to members.

8.      Plaintiff was a full-time employee of Defendants and was economically dependent on Defendants.

9.      Plaintiff was unlawfully classified as an independent contractor.

10.     Plaintiff regularly worked more than 40 hours of work per week.

11.     Plaintiff began working for Defendant on April 4, 2017 and left on or about July 25, 2018.

12.     During his 13 months of employment, Plaintiff worked approximately 300 hours of overtime for which he was never paid.

13.     Plaintiff was paid $700 per week and was intended to cover 40 hours of work.

14.     Plaintiff's regular rate of pay was $17.50 per hour.

15.     Each hour of overtime work should have been paid at $26.25 per hour.

16.     Plaintiff owed $7,875 plus an equal sum for liquidated damages.

17.     Plaintiff was given two false 1099 form with respect to his earnings in 2017 and 2018 and equal form warrants a penalty of $5,000 each.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

18.     Plaintiffs restates the allegations contained in paragraphs 1 through 17.

19.     Defendants repeatedly and willfully violated the FLSA by failing to pay Plaintiff one and one-half times their regular rate for hours worked in excess of 40 per week.

20.     Plaintiffs occupied a non-exempt position with Defendants.

21.     Plaintiffs have been damaged by the foregoing willful conduct of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Order Defendants pay an award of back pay and liquidated damages to Plaintiffs;

B.     Order Defendants to pay prejudgment interest on all sums due Plaintiffs;

C.     Order Defendants to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT II - VIOLATION OF 26 U.S.C. § 7434

22.     Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein.

23.     Defendants knowingly filed a false form 1099 on Plaintiff for tax years 2017 and 2018.

24.     Plaintiff has suffered damages from the false 1099 form.

25.     Section 7434 provides: "In any action brought under subsection (a), upon a

finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees."

26.     Plaintiff has been damaged by the conduct of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendants to pay to Plaintiff the greater of $10,000 or the damages proximately caused by Defendants' conduct.

B.     Grant Plaintiff costs and an award of reasonable attorney's fees under Section 7434.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**

-4-